IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HELENA K. DAVINCI, :
    Plaintiff :
:
v. : CIVIL NO. 1:11-CV-1470
:
MICHAEL J. ASTRUE, :
    Defendant :

*O R D E R*

The background of this order is as follows:

In this case, Plaintiff appeals the decision of an Administrative Law Judge (ALJ), which granted her claim for social security benefits, effective July 20, 2008, but rejected Plaintiff's argument that benefits should be awarded as of October 11, 2007—an earlier onset date. On September 21, 2012, Magistrate Judge Carlson filed a Report and Recommendation ("R&R") (Doc. 13), in which he recommends that Plaintiff's appeal be dismissed and the judgment of the ALJ affirmed. Plaintiff filed objections to the R&R on October 4, 2012 (Doc. 14), and a supporting brief on October 29, 2012 (Doc. 17). The Commissioner responded with a brief opposing Plaintiff's objections on November 15, 2012 (Doc. 18). Plaintiff's time for filing a brief in reply has now expired, and this matter is ripe for our review.

As noted by Judge Carlson, our review of the ALJ's decision is deferential; it simply requires us to determine whether the decision is supported by substantial evidence. After thoroughly analyzing the evidence presented in this case, Judge Carlson concludes that substantial evidence does, indeed, support the ALJ's

findings, and therefore, we should not disturb them on appeal. We agree. Our independent review of this case does not reveal any errors in Judge Carlson's well-reasoned R&R, nor do Plaintiff's objections persuade us that the R&R should be rejected in any respect.

Plaintiff's first objection pertains to Judge Carlson's consideration of Plaintiff's daily activities. Plaintiff cites Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988), and argues that Judge Carlson improperly equated Plaintiff's ability to perform some hobbies and housekeeping with an ability to function in a work setting. We do not agree with this characterization of the R&R. Judge Carlson merely took note of Plaintiff's activities, among other pieces of evidence supporting the ALJ's disability determination. There was no error or impropriety in that.[1] Moreover, we find Frankenfield to be easily distinguishable from this case.[2] Plaintiff's first objection is therefore overruled.

Plaintiff's second objection is similar, but focuses on the evidence concerning Plaintiff's social functioning. Plaintiff contends that Judge Carlson improperly found that her social activities, such as visiting her sister, reflected only a moderate impairment, not a disability. We find no error in Judge Carlson's references

---

[1] "Activities of daily living" are listed as a factor to be considered under 20 C.F.R. 404.1520a(c).

[2] In Frankenfield, the ALJ rejected medical determinations made by three physicians, without any contrary medical evidence that tended to support the ALJ's findings. Here, there is ample evidence—including medical evidence—supporting the ALJ's decision.

2

to Plaintiff's social functioning, which is one of many pertinent factors in this case.[3] Plaintiff also argues that the R&R, which noted Plaintiff's relationship with a boyfriend at the time of her first hearing, failed to note that she had no boyfriend at the time of the second hearing. However, Judge Carlson is not required to acknowledge or discuss every iota of potentially relevant evidence. This alleged error is trivial and does not persuade us that the ALJ's decision should be set aside.

In her third objection, Plaintiff notes that the ALJ and Judge Carlson relied on treatment notes from January of 2007 to September of 2007, which pre-dated her alleged onset date in October of 2007. Plaintiff insists that this was improper, because "the fact finder may not use earlier reports . . . to contradict later reports when treating a degenerative or progressive condition." (Doc. 17 at 5-6). There is a dispute as to whether Plaintiff actually amended her alleged onset date to October 11, 2007. Plaintiff's application used March 1, 2006 as her onset date, and although her attorney stated that she "would" amend the date to October 11, 2007, the ALJ's decision used the 2006 onset date stated in her application. However, even if we assume, *arguendo*, that Plaintiff amended her onset date to October 11, 2007, we would still overrule her objection to the fact finder's reliance on earlier reports. The definition of "disabled" requires the fact finder to consider whether the claimant's impairment has lasted for a year, or can be expected to last this long. This persuades us that, in this case, the ALJ and the Magistrate Judge properly considered the treatment records from early 2007. Furthermore, even without these records, we

---

[3] Under 20 C.F.R. 404.1520a(c), "social functioning" is listed as a factor.

3

would still find substantial evidence supporting the ALJ's findings.  Therefore, we overrule this objection.

Plaintiff's fourth objection alleges error in the fact that Dr. Mira's opinion was rejected without the ALJ re-contacting him to clarify any inconsistencies in his report.  Plaintiff correctly cites 20 C.F.R. 404.1512(e) for the proposition that, when there is insufficient evidence for the ALJ to make a disability determination, a treating physician or other medical source may be re-contacted to clarify or supplement the evidence, or a consultative examination may be arranged.  Under the circumstances of this case, however, the ALJ was not obligated to re-contact Dr. Mira.  The ALJ had sufficient evidence to reach a decision in this case.  We find no error.

Plaintiff's fifth objection pertains to Judge Carlson's finding that the decline of Plaintiff's IQ was not sufficient to prove disability.  Under Listing 12.02, a medically documented loss of at least 15 IQ points can establish disability, if two of the results listed under subpart B are also shown.  Plaintiff argues that she satisfies the criteria of Listing 12.02—in particular, she asserts that her social functioning, and her concentration, persistence, and pace were markedly impaired as a result of her loss of IQ points.  In essence, Plaintiff invites us to credit her assertions over the ALJ's findings.  We decline to do so.  The ALJ enjoyed the discretion to discount Plaintiff's claims of disability, and to credit other evidence, which suggested that Plaintiff was not fully disabled in October of 2007.  Substantial evidence supported the ALJ's findings.  Our review goes no further.  This objection is overruled.

In her sixth objection, Plaintiff argues that Judge Carlson should not have relied on the Global Assessment of Functioning (GAF) scores. Plaintiff's GAF scores were noted as one of many factors suggesting that Plaintiff's alleged limitations were merely moderate, rather than fully disabling. We find no error in such consideration of GAF scores. Of course, a GAF score is not dispositive proof of the severity of an individual's mental limitation. However, no rule prohibits consideration of GAF scores as one of many relevant pieces of evidence, which is exactly what occurred in this case. We overrule this objection.

Finally, Plaintiff objects to the finding that her testimony—particularly as to when her anxiety started and what caused it—was not fully credible. Plaintiff cites Williams v. Sullivan, 970 F.2d 1178, 1184-85 (3d Cir. 1992) for the proposition that "[o]nce the Plaintiff submits sufficient evidence to support her claim, her testimony may not be dismissed simply as not credible without pointing to other contrary medical evidence." (Doc. 17 at 11). In this case, Plaintiff presented some medical evidence supporting her claim, but other medical evidence suggested that she was not fully disabled as early as she claims. This is not a case in which a claimant's testimony was improperly dismissed as a result of mere disbelief.[4] Rather, this case required the ALJ to weigh mixed, sometimes conflicting, evidence concerning the onset of Plaintiff's disability. On review, we need not weigh the evidence anew, as Plaintiff invites us to do. Our task is simply to evaluate whether substantial evidence supports

---

[4] Hence, this case is distinguishable from Williams.

5

the ALJ's findings. We conclude that it does, and we find no error in the fact that Plaintiff's testimony was not fully credited.

In conclusion, we will adopt the R&R in all respects. We agree with Judge Carlson's reasoning, and his conclusion that the ALJ's decision is supported by substantial evidence.

ACCORDINGLY, this 11th day of December, 2012, it is ORDERED that:

1. The Report and Recommendation (Doc. 13) of Magistrate Judge Carlson is ADOPTED, and Plaintiff's objections thereto (Docs. 14, 17) are overruled.

2. The complaint (Doc. 1) is DISMISSED.

3. The Clerk of Court is directed to close this case.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge